IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Bristol Township, : | |
| Petitioner : | |
| : | No. 547 C.D. 2019 |
| v. : | |
| : | Submitted: March 26, 2020 |
| Pennsylvania Labor Relations Board, : | |
| Respondent : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE J. ANDREW CROMPTON, Judge


OPINION BY
JUDGE McCULLOUGH                                           FILED:  April 24, 2020


        Bristol Township (Township) petitions for review of the final order of the Pennsylvania Labor Relations Board (Board), which affirmed the Board Secretary's (Secretary) dismissal of the Township's petition for decertification (Petition) seeking to decertify the Transportation Workers Union of America, Local No. 282 (Union).  Upon review, we affirm.


## Background

        On October 17, 2018, the Township filed the Petition with the Board seeking to decertify the Union as the bargaining representative of the Township's employees.  (Reproduced Record (R.R.) at 30a.)  The Petition is a form document, which indicates a space for the petitioner (*i.e.*, Township) to indicate, by checking a

box, which petition is being filed under the Public Employe Relations Act (PERA).[1] The Township checked the box for filing a petition for decertification, which stated and advised, in relevant part, "the public employer alleges a good faith doubt of the majority status of the present representative; **(FACTUAL SUPPORT MUST BE ATTACHED)** (refer to [section] 607 of [PERA, 43 P.S. §1101.607 (Section 607),][2] and 34 Pa. Code [§95.22 (Section 95.22)][3])." (R.R. at 1a, 30a) (emphasis in original).

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101 - 1101.2301.

[2] Section 607 provides, in full, that

> [i]f there is a duly certified representative: (i) a public employe or a group of public employes may file a petition for decertification provided it is supported by a thirty per cent showing of interest, or (ii) a public employer alleging a good faith doubt of the majority status of said representative may file a petition in accordance with the rules and regulations established by the [B]oard, subject to the provisions of clause (7) of section 605.

43 P.S. §1101.607.

[3] Section 95.22 of the Board's regulations provides, in full, that

> [a] petition by a public employer for decertification of a public employe representative shall be filed with the Board not sooner than 90 days nor later than 60 days before the expiration date of a collective bargaining agreement; or after the expiration date until a new written agreement has been entered into; or, if no collective bargaining agreement has been entered into, not sooner than 1 year from the date the certification had become effective. The petition shall be on the form supplied by the Board and contain the following:
>
> > (1) A factual statement indicating a good faith doubt of the majority status of the public employe representative.
> >
> > (2) The name of the currently recognized or certified public employe representative.

**(Footnote continued on next page…)**

2

The Petition identified the Township as the public employer and the Union as the employee organization, and explained that there was a single, nonprofessional employee in the Union. (R.R. at 1a-2a, 30a-31a.) In support of the Petition, the Township also alleged that on January 1, 2006, it entered into a Collective Bargaining Agreement (CBA) with the Union for an effective period of four years. (R.R. at 3a.) The Petition also stated that the current agreement between the Township and the Union expired on December 31, 2010. (R.R. at 31a.) The Township explained that from 2015 until August 23, 2018, the Union decreased in size until a single member, Denise Gorry (Gorry), a part-time employee, was the sole remaining member. (R.R. at 3a.) Thus, the Township alleged that "as of August 24, 2018, the number of employees in the [Union] was reduced to one (1)" and "[o]ne employee cannot form a lawful bargaining unit in Pennsylvania." *Id.*

---

**(continued…)**

    (3) The name and address of the employer and a description of the bargaining unit involved.

    (4) The general nature of the business of the employer.

    (5) The name and address of the incumbent representative.

    (6) The date of expiration of the contract.

    (7) The number of employes in the unit.

    (8) The date of the last election.

    (9) Other relevant facts.

34 Pa. Code §95.22.

On November 29, 2018, the Secretary determined that,

> [w]hile . . . the Township may not have a duty to bargain with a single-employee unit, the Secretary declines, pursuant to 34 Pa. Code §95.81(b), to direct a hearing on the [P]etition because the allegations in the [P]etition do not establish a good faith doubt of the majority status of the public employe representative, as required by Section 607 . . . and Section 95.22 [of the Board's regulations] . . . . Accordingly, the petition for decertification is dismissed.

(R.R. at 34a.)[4] On December 14, 2018, the Township filed exceptions to the Secretary's November 29, 2018 decision. (R.R. at 36a.) The Township argued that it "unequivocally" showed that there was "no longer" a "majority status" of the Union, because there was only one member left in the Union. *Id.* The Township argued that, because there was only one member of the Union remaining, the analysis should be whether the Township had an obligation to collectively bargain with one individual. (R.R. at 36a-37a.) As such, the Township maintained that it satisfied its obligation under Section 607 and the Board's regulation at Section 95.22 to show a good faith doubt of the majority status of the Union because there is only one member, and a majority status is impossible. (R.R. at 37a.)

On April 16, 2019, the Board issued its Final Order affirming the Secretary's dismissal. (R.R. at 50a.) The Board concluded that "questions of unit appropriateness are not properly raised by way of a decertification petition where the election directed by the Board must be conducted in the unit previously certified or recognized." *Id.* The Board clarified that the issue was not whether the Township had a duty to bargain with the Union, but whether the facts averred in the Petition

---

[4] The Union filed a letter agreeing with the Secretary's decision, which was marked as received on December 27, 2018. (R.R. at 47a-48a.)

4

established a good faith doubt of the Union's majority status among the members of the Union so as to warrant the conducting of a secret ballot decertification election. (R.R. at 50a-51a.) The Board concluded that the Petition failed to allege any facts regarding the employee's lack of support for representation by the Union, which was necessary to support the Petition under PERA and the Board's rules and regulations. (R.R. at 51a.) Thus, the Board concluded that the Petition was properly dismissed.[5] *Id.* The Township petitioned this Court for review.

## Discussion

On petition for review,[6] the Township raises the question of whether the Board erred in dismissing the Petition which sought decertification of the one-person Union. The Township argues that because the Union has a single member, decertification is required by law. In support, the Township argues that it is unfair for Gorry to continue to remain in the Union and pay dues because she is receiving no benefit from the Union. Further, the Township argues that it does not have a duty to bargain with a non-Act 111 bargaining unit consisting of one member. In support, the Township points to *Roaring Brook Township Police Department v. Roaring*

---

[5] As an aside, in response to the Township's contention that it is not required to bargain with a single-member bargaining unit, the Board, in a footnote, stated that under *Alcaraz v. Pennsylvania Labor Relations Board*, 716 A.2d 1238 (Pa. 1998), "a single person unit is appropriate for collective bargaining under Act 111 of 1968." (R.R. at 50a.) The Policemen and Firemen Collective Bargaining Act, commonly known as Act 111 (Act 111), Act of June 24, 1968, P.L. 237, No. 111, *as amended*, 43 P.S. §§217.1 - 217.10.

[6] Our review of the Board's order is limited to determining whether constitutional rights were violated, whether the Board committed an error of law, or whether the Board's findings are supported by substantial evidence. *Wilkes-Barre Township v. Pennsylvania Labor Relations Board*, 878 A.2d 977, 982 n.13 (Pa. Cmwlth. 2005).

*Brook Township*, 20 PPER ¶ 20077 (PLRB No., PF-C-88-93-E, filed March 21, 1989), 1989 WL 1701701, for the proposition that an employer is not required to bargain with a unit permanently consisting of one employee. Additionally, the Township argues that the Board misapplied Pennsylvania law for decertifying a one-member union. In support, the Township argues that the Board improperly places form over substance in requiring decertification to be done upon a vote. On this same point, the Township argues that the Board erred in relying on *Alcaraz*, 716 A.2d 1238, because it believes that *Alcaraz* was limited to Act 111 employees. Additionally, the Township characterizes this "factual situation [as] rare" and argues that this Court should, therefore, permit decertification because Section 95.22(9) of the Board's regulations envisioned decertification under other scenarios by including the language "[o]ther relevant facts." (Township's Br. at 10.) Furthermore, the Board asks us to adopt, seemingly as a matter of first impression, a rule that non-Act 111 bargaining units consisting of only a single member are inappropriate.

The Board argues that under Section 95.22 of the Board's regulations, a petition for decertification must contain "'a factual statement indicating a good faith doubt [regarding] the majority status of the public employe[e] representative.'" (Board's Br. at 8 (quoting 34 Pa. Code §95.22).) The Board points out that the Petition requests decertification without the need of a good faith doubt of majority status nor an election among the employees. Additionally, the Board argues that, at a minimum, the Petition needed to allege that there was a good faith belief that the employees no longer desired to be represented, and an election should be held to ascertain the employees' choice. Finally, the Board maintains that the Township seeks to challenge the appropriateness of the union through a petition for decertification; however, the Board argues that a petition for decertification is *not* the

proper vehicle to challenge the appropriateness of a union, but should be addressed through a separate petition for unit clarification filed in accordance with sections 602(b) and 604 of PERA, 43 P.S. §§1101.602(b), 1101.604 and section 95.23 of the Board's regulations, 34 Pa. Code §95.23.

We now turn to the allegations in the Petition. Certainly, "[i]t [is] lawful for public employe[e]s to organize, form, join, or assist in employee organizations or to engage in lawful concerted activities [with regard to collective bargaining, mutual aid, protection, etc.]" Section 401 of PERA, 43 P.S. §1101.401. It is undisputed that the Union is a "grandfathered" unit as described in section 602(b) of PERA.[7] The Township filed a petition for decertification. The Petition indicated that a petition for decertification is governed by Section 607. (R.R. at 1a.) Section 607 provides, in pertinent part, that "(ii) a public employer alleging a good faith doubt of the majority status of said representative may file a petition in accordance with the rules and regulations established by the [B]oard, subject to the provisions of clause (7) of section 605 [of PERA, 43 P.S. §1101.605]." 43 P.S. §1101.607. Additionally, the Petition conspicuously refers to and is governed by Section 95.22 of the Board's

---

[7] Section 602(b) of PERA provides, in full, that

> (b) Any employe representatives in existence on January 1, 1970, shall so continue without the requirement of an election and certification until such time as a question concerning representation is appropriately raised under this act; or until the board would find the unit not to be appropriate after challenge by the public employer, a member of the unit or an employe organization. The appropriateness of the unit shall not be challenged until the expiration of any collective bargaining agreement in effect on the date of the passage of this act.

43 P.S. §1101.602(b).

7

regulations, which states, in pertinent part, that "[t]he petition shall . . . contain [among other things a] factual statement indicating a good faith doubt of the majority status of the public employe[e] representative." 34 Pa. Code §95.22. As such, both Section 607 and Section 95.22 of the Board's regulations require the petition to contain a factual statement showing a good faith doubt of the majority status of the Union. 43 P.S. §1101.607; 34 Pa. Code §95.22.

Our review of the Petition patently reveals that the Township failed to allege a good faith doubt of the majority status of the public employee representative, as required to support the Petition. The Township's Petition makes *not a single* mention as to any good faith doubt of the majority status of the Union. Instead, the Petition alleges that Gorry is the single member left in the Union, and for that reason, the Union should be decertified. Chiefly, the Township's Petition alleges that, because Gorry is the sole member of the Union, it is not a lawful bargaining unit. Accordingly, we agree with the Board's Final Order that the Petition alleged no facts regarding a good faith doubt of the majority status of the Union, which was necessary to support the Petition under Section 607 and Section 95.22 of the Board's regulations. 43 P.S. §1101.607; 34 Pa. Code §95.22. Nevertheless, we turn our attention, briefly, to the Township's argument regarding the appropriateness of bargaining with a single-member bargaining unit.

As explained above, the Township argues that Section 95.22 of the Board's regulations "envisioned *other decertification* possibilities besides election when it permitted "***other relevant facts***" to be considered under [Section 95.22 of the Board's regulations]." (Township's Reply Br. at 3) (emphasis in original). However, the language of Section 95.22 of the Board's regulations makes clear that, although other relevant facts are permitted to be alleged, a petitioner "**shall**" allege a good faith

8

doubt of the majority status of the public employee representative, which the Township has clearly failed to do.  34 Pa. Code §95.22 (emphasis added).  The ability to plead other relevant facts does not absolve the Township from its obligation under Section 95.22 of the Board's regulations to plead a good faith doubt of the majority status of the public employee representative.

As to its Petition, the Township has consistently argued that, because Gorry is the sole member left in the Union, it does not have a duty to bargain with the Union.  The Board argues that the Township's argument is relevant only to a petition for unit clarification to address the *appropriateness* of a union.  In its reply brief, the Township urges us to overlook its facially defective petition, and argues that principles of "judicial economy" and "form over substance" should control.[8] However, we cannot ignore the patent facial defects in the Township's Petition and, thus, need not address the Township's arguments raised under *Alcaraz*, *Roaring Brook*, and the like.  Nonetheless, in response to the Township's contention, it is readily apparent that, here, **substance** surmounts form because the Township has failed to allege the **substance** necessary to prevail on its Petition.  The Township seems to reason that our decision affirming the Board would be "the epitome of 'form over substance,'" (Township's Reply Br. at 2); however, the issue here is not a matter of pleading technicalities once commonly associated with the "form of action,"[9] which was a routine feature of common law jurisprudence, but drives directly to the

---

[8] The Township also argues that "[t]he parties [will] have to begin anew, file a [p]etition, the Union [] will oppose it, the [Board] will issue a decision, and then, after all that, we [will be] right back in [this] Court on appeal."  (Township's Reply Br. at 2.)  As this Court does not possess the fabled capabilities of a seer, we are unable to agree with the Township's characterization of what will happen in the future.

[9] *See* 6 Standard Pennsylvania Practice 2d §§6.6 - 6.8 (2009).

9

**substance** of the allegations supporting the Township's petition for decertification. Because the Township has overtly failed to allege the correct **substance** to support its Petition, we need not address its other arguments.[10]

Furthermore, Section 1.11 of the Board's regulations states that "[u]nder 1 Pa. Code §31.1 (relating to scope of part), 1 Pa. Code Part II (relating to general rules of administrative practice and procedure) is applicable to the activities of and proceedings before the Department." 34 Pa. Code §1.11. Accordingly, under Section 35.48 of the General Rules of Administrative Practice and Procedure, the Township could have amended its petition to conform to its argument. 1 Pa. Code §35.48.[11]

---

[10] Even if the Township may have made the correct allegation to succeed under a different petition, the Board is correct that the Township failed to make the correct allegations to succeed under its Petition seeking decertification, and thus, having determined that the Township has failed to plead the substance necessary to support its Petition seeking decertification, we need not address its argument with regard to the appropriateness of a single-member union.

[11] This regulation provides in full that

> (a) [a] modification of or supplement to an application, complaint, petition or other pleading shall be deemed as an amendment to the pleading, and shall comply with the requirements of this subchapter relating to the pleading amended insofar as appropriate. Upon its own motion or upon motion promptly filed by a participant, the agency may for good cause decline to permit, or may strike in whole or part, an amendment.

> (b) Except as otherwise provided in this subsection, no amendment to a pleading may be filed within 5 days next preceding the commencement of or during a hearing unless directed or permitted by the agency head or the presiding officer after opportunity for all parties to be heard thereon. An amendment in a licensing or certification proceeding which reduces the scope of the application may be filed at any time, if permitted by the agency head or the presiding officer.

Section 35.48 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §35.48.

Although we understand the Township's argument in support of its Petition, it would be inappropriate to allow the Township, on appeal, to circumvent established pleading rules, especially in light of the fact that it had the opportunity to cure the defect below by amending its Petition to comport with the appropriate **substance** to support it.

## Conclusion

Because the Township has failed to allege "[a] factual statement indicating a good faith doubt of the majority status of the public employe[e] representative" as required under Section 95.22 of the Board's regulations, its Petition was properly dismissed by the Secretary, and was properly affirmed as dismissed before the Board.

Accordingly, the April 16, 2019, Final Order of the Board is affirmed.

                _____

                PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bristol Township,                 :
           Petitioner      :
                          :   No.  547 C.D. 2019
        v.              :
                          :
Pennsylvania Labor Relations Board, :
           Respondent    :

## *ORDER*

AND NOW, this 24th day of April, 2020, the April 16, 2019 Final Order of the Pennsylvania Labor Relations Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge